# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DANNY CALVIN RUIZ,<br><br>    Defendant and Appellant. | G061769<br><br>(Super. Ct. No. 08ZF0048)<br><br>MODIFICATION OF OPINION;<br>NO CHANGE IN JUDGMENT |

It is hereby ordered that the opinion filed herein on April 20, 2023, be modified in the following particulars:

1. On page 4, last sentence of the first full paragraph, after the word "section" replace "972.6" with "1172.6."

This modification does not effect a change in judgment.

BEDSWORTH, ACTING P. J.

WE CONCUR:

MOORE, J.

SANCHEZ, J.

Filed 4/20/23 P. v. Ruiz CA4/3 (unmodified opinion)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061769 |
| v. | (Super. Ct. No. 08ZF0048) |
| DANNY CALVIN RUIZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Cheri T. Pham, Judge. Affirmed.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \*

In 2018, the California Legislature undertook a major change to California's laws pertaining to murder. Effective January 1, 2019, it eviscerated the "felony murder" and "natural and probable consequences" theories of culpability in an attempt to ensure that punishment for murder was aligned with culpability.

First, the Legislature eliminated the natural and probable consequences theory for that crime by providing that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (Pen. Code, § 188, subd. (a)(3).) Second, it reined in the felony murder rule so that it can only be applied to *nonkillers* if they aided and abetted the killer in committing first degree murder, or they were a major participant in the underlying felony and acted recklessly indifferent to human life. (Pen. Code, § 189, subd. (e).)

To obtain relief under the new section, the defendant must show 1) he was prosecuted for murder under the felony murder rule or the natural and probable consequences doctrine, 2) he was ultimately convicted of first or second degree murder, and 3) and he would not be liable for murder today because of how the Legislature has redefined that offense.

That statute, originally numbered Penal Code section 1170.95 was subsequently renumbered as Penal Code section 1172.6. It sets out the new rules for proving murder, establishes the retroactivity of the new statute, and provides a procedural vehicle for those convicted under the discredited theories to challenge their convictions.

We deal here with another of the burgeoning number of cases filed by inmates seeking to take advantage of the changes in the law. Those changes are, not surprisingly, confusing to people who have not received a legal education. And the attorneys appointed to represent these people are often finding themselves forced to admit to the court that their client's misunderstanding of the law means there is no argument that can be made on appeal with a reasonable chance of success.

In this case, a jury convicted appellant in 2009 of two second degree murders. It was what is commonly referred to as a "*Watson* murder," a reference to *People v. Watson* (1981) 30 Cal.3d 290, which held that a driver could be convicted of murder for driving while under the influence if it could be proven that he/she did so willfully and recklessly "with conscious disregard for the danger to life that the act poses." (*People v. Gonzalez* (2012) 54 Cal.4th 643, 653.) This was held to be an application of the theory of implied malice – that element of the crime being imputed from the driver's disregard of the danger.

Appellant here, driving while intoxicated, caused an accident that resulted in two deaths. For that, and his prior felony convictions, he was sentenced to 55 years to life in prison. We affirmed that conviction on appeal. (*People v. Ruiz* (Aug. 25, 2011, G042966) [nonpub. opn.].)

In 2022, appellant filed this action, seeking relief pursuant to Penal Code section 1172.6. The trial court appointed counsel for appellant, heard appellant's motion under this section and denied it. He appealed and we appointed counsel to represent him on appeal. Counsel reviewed the record in the case, discussed it with other appellate attorneys, and concluded there was no issue he could argue that had a reasonable chance of success. He did not argue against his client but requested – as the law provides – that we independently review the case and see if *we* could find an issue that might be arguable. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Appellant was given the opportunity to write to us and tell us what issues he thought might be found in the record but did not respond.

It should be emphasized that a *Wende* review is not for arguments that would necessarily be successful, but merely arguments that could be made, arguments whose proposal would not violate ethical prohibitions about frivolous appeals. Our review of the case was aimed at merely finding something an attorney could ethically argue in favor of reversal. We have made such a review and found nothing.

3

We have found nothing because appellant does not fall within the terms of the statute he is seeking to apply to his case. There was no application of the felony murder rule or the natural and probable consequences doctrine in his case. The jury was not instructed on those doctrines, and they were not argued by counsel. The jury found appellant's actions fell within the rubrics of *People v. Roldan* (2020) 56 Cal.App.5th 997, which upheld a second-degree murder charge under the driving under the influence analysis of imputed malice. We have analyzed the *Roldan* opinion and find ourselves in agreement with it. While the words "natural and probable consequences" are used in imputed malice analysis, they do not apply to negate malice when applied to the actual perpetrator of the crime *who has disregarded that danger*. Appellant therefore does not come within the purview of Penal Code section 972.6.

What's more, appellant has already had one appeal. We affirmed his conviction in 2011. This is not his "first appeal of right." Under the recently decided California Supreme Court case of *People v. Delgadillo* (2022) 14 Cal.5th 216, appellant is not entitled to appointed counsel to raise this issue; *Wende* review is not an entitlement for him. We have reviewed his case out of an abundance of caution and a commitment to "getting it right." (See *People v. Flores* (2020) 54 Cal.App.5th 266.)

For both these reasons, the judgment is affirmed.




                                        BEDSWORTH, ACTING P. J.
WE CONCUR:



MOORE, J.



SANCHEZ, J.